# FILED

AUG 2 0 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CHERYL A. MONTS

Plaintiff,

Vs.

Case No.

(1) INDEPENDENT SCHOOL DISTRICT
NUMBER 1-8 OF COMANCHE COUNTY
OKLAHOMA, also known as the Lawton Public Schools.
(2) BARRY BEAUCHAMP, individually
(3) BARBARA ELLIS, Individually
(4) BILLY DAVIS, individually
Defendants.

# CIV-12-905 -M

## COMPLAINT

### PRELIMINARY STATEMENT OF FACTS

1. This is an action authorized and instituted pursuant to the First and Fourteenth Amendments to the United States Constitution through the Civil Rights Act of 1871, at U.S.C. Section 1983; Title VII of the Civil Rights Act of 1964 as amended. The Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Sections 1331, 1337, and 1343.

2. Plaintiff's claims arose and venue is properly laid within the District pursuant to 28 U.S.C. Section 1391 (a).

3. The Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Oklahoma.

4. Plaintiff Cheryl A. Monts, is currently employed by the Defendant INDEPENDENT SCHOOL DISTRICT 1-8 COMANCHE COUNTY, OKLAHOMA, ("Lawton Public Schools") in the capacity

1

PRELIMINARY STATEMENT OF FACTS

of Director of Professional Development. Monts has been employed by the Lawton Public Schools for 40 years.

5.   Monts was previously Head Principal for MacArthur Jr. High Schools employed by the Lawton Public School District. Monts was transferred from her position as middle school principal to the position she now holds, against her wishes. The purported reason was pretextual.

6.   Since the time that Monts was involuntarily transferred from the position of middle school principal to the position of Director of Professional Development all decisions are made without her knowledge beforehand. Monts predecessor in this position, who was a Caucasian female, was allowed to make decisions and chances without going through the central office.

7.   Monts has repeatedly, over the past 10-20 years, voiced her complaints about racial discrimination in the Lawton School District. . As a result of her complaints she was transferred to a position where she is functioning under a title but has no power to make decisions. Monts was given this position without training. Every decision that Monts makes is subject to approval by a higher authority.

8.   Changes in the professional development calendar without Monts knowledge were made although she is the Director of Professional Development. Whenever Monts questioned any changes that were made she was always told that they had to go before the Profession Development Committee first, and taken before the school board. Monts was always the

last to know. Monts has never received a copy of the changes.  The obvious purpose and true objective is to make Monts job condition so miserable that she would retire.

9.     Monts recently applied for a position and the position was given to a younger Caucasian male with less experience. She was left stuck in a no win position.

10.   As a result of the districts hiring practices, Monts filed a complaint with the E.E.O.C. The Lawton School District consists of an all Caucasian board.

11.    Monts is continuously subjected to discrimination in the Lawton Public School for taking a vocal stand against the treatment of African American within the district.

12.   Monts has been discriminated against by the Defendants because of her race, African American, her gender, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, and because of her age in violation of the ADEA Act of 1967.

13.   Monts was issued a right to sue by the Equal Employment Opportunity Commission on May 23, 2012 and a copy was forwarded to the Lawton Public Schools.


FIRST CAUSE OF ACTION

14.   The Plaintiff has been discriminated against by the Defendants because of her race, African American, because of her gender, female, age, and in retaliation for filing an E.E.O.C. complaint  in violations of the Title VII of the Civil Rights Act of 1964 and the A.D.E.A. of 1967, as amended,29 U.S.C. Section 623 (a).

Wherefore the Plaintiff prays for judgment against the Defendant INDEPENDENT SCHOOL DISTRICT NO 1-8 OF COMANCHE COUNTY, OKLAHOMA, also known as the Lawton Public

3

Schools, the Defendant BARRY BEAUCHAMP,individually: the Defendant BARBARA ELLIS,individually, and BILLY DAVIS, individually for actual punitive damages in excess of Ten Thousand Dollars (10,000.00),cost, interest and attorney fees.


## SECOND CAUSE OF ACTION

15. The Plaintiff has been retaliated against by the Defendant for the exercise of protected speech.i.e, voicing complaints about racial discrimination within the Lawton School District, for filing an E.E.O.C. complaint.

16. As a result of the Plaintiff's speech, she has been transferred to a position where she has no authority to make any major decisions. She was only given a title.

Wherefore the Plaintiff prays for judgment on her second cause against the Defendant INDEPENDENT SCHOOL DISTRICT NO.1-8 of Comanche county, Oklahoma, also known as the Lawton Public Schools, the Defendant BARRY BEAUCHAMP, individually; Defendant BARBARA ELLIS, individually, and the Defendant BILLY DAVIS, individually, for actual punitive damages in excess of Ten Thousand Dollars (10,000.00), cost, interest and attorney fees.


## THIRD CAUSE OF ACTION

17. This is a state claim arising under the laws of the State of Oklahoma for tortuous interference with a business contract. Monts invokes the court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to entertain this claim.

4

18.   The Defendants Beauchamp, Ellis and Davis, have wrongfully and tortuously interfered with Monts employment contract with the Lawton School District.

19.   As a result of the actions of Beauchamp, Ellis, and Davis, Monts has suffered actual damages.

Wherefore the Plaintiff prays for judgment against the Defendant BARRY BEAUCHAMP, individually, Defendant BARBARA ELLIS< and Defendant BILLY DAVIs, individually, for actual and punitive damages in excess of Ten Thousand Dollars (10,000.00), cost, interest, and attorney fees.


FOURTH CAUSE OF ACTION

20.   This is a state claim arising under the laws of the State of Oklahoma for breach of contract. The defendant Lawton School District has adopted policies and procedures which are contractual obligations between District and Monts. One of the policies adopted by the Lawton Board Of Education is that the District will not discriminate against employees based upon race, gender, and age. The District has assured the State of Oklahoma, through the Oklahoma Department of Education, and the federal government, through the Department of Education, that it will not discriminate based upon race, gender, or age.

21.   The Lawton School District has violated and breached its policies and assurance statements of non-discrimination in the actions it has taken against Monts.

Wherefore the Plaintiff prays for judgment against the Defendant INDEPENDENT SCHOOL DISTRICT NO.1-8 OF COMANCHE, COUNTY OKLAHOMA, also known as the Lawton Public

5

Schools, for actual damages in excess of Ten Thousand Dollars (10,000.00), cost, interest,

attorney fees.

*Cheryl A. Monts, Pro Se'*

Cheryl A. Monts, Pro Se'

P. O. Box 3679

Lawton, Oklahoma 73507

*Jury trial demand*

580.357.0654