

OCT 28 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

CHERYL A. MONTS,
Plaintiff,

vs.

INDEPENDENT SCHOOL DISTRICT NUMBER I-8 OF COMANCHE COUNTY, OKLAHOMA, a/k/a LAWTON PUBLIC SCHOOLS et al.,
Defendants.

No. CIV-12-905-W

**ORDER**

On August 1, 2013, the defendants filed a Motion for Summary Judgment pursuant to Rule 56, F.R.Civ.P., and argued therein that they were entitled to judgment as a matter of law with regard to the claims asserted against them by plaintiff Cheryl A. Monts. See Docs. 39, 40. The Court directed Monts, who was then proceeding pro se,[1] to respond in writing to the defendants' motion, see Doc. 42, and although Monts was advised that her failure to timely respond may result in confession of the defendants' motion, no argument or authority was forthcoming.

Rule 56.1(c), Rules of the United States District Court for the Western District of Oklahoma, provides that all material facts set forth by a movant in its statement of material facts "may be deemed admitted for the purpose of summary judgment unless specifically controverted . . . by the opposing party." Rule 7.1, supra, further provides that "[a]ny

[1]Monts had sufficient opportunity to retain counsel. Status conferences were rescheduled and the entry of a scheduling order was delayed to allow Monts time to do so. See Docs. 23, 26.

motion that is not opposed [by the designated deadline] . . . may, in the discretion of the Court, be deemed confessed."

Despite these rules, the Court determined that "[s]ummary judgment [in the defendants' favor was] . . . not proper merely because [Monts had] . . . failed to file a response." Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002). Rather, "[b]y failing to file a response within the time specified by the local rule, . . . [Monts had] waived the right to file a response and [had] confessed all facts asserted and properly supported in the [defendants'] summary judgment motion." Id. But her waiver and failure to respond "did not relieve the [C]ourt of its duty to make the specific determinations required by [Rule] 56(c), [supra]." Murray, 312 F.3d at 1200.

Accordingly, the Court considered the materials in the record[2] to determine whether the defendants had "show[n] that there [was] . . . no genuine issue as to any material fact and . . . [that they were] entitled to judgment as a matter of law." Rule 56(a), supra. In so doing, the Court was mindful that although Monts was proceeding pro se, she was nevertheless required to "follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)(citation omitted). Accordingly, while the Court made some allowances due to Monts' pro se status, it did not, and could not, "take on the responsibility of serving as [her] . . . attorney in constructing arguments and

[2]On August 23, 2013, Monts sent by facsimile transmission to the Clerk of the Court and to counsel for the defendants and thereafter through the United States Postal Service to the Clerk lists of witnesses and exhibits and certain documents. Because the Court examined the same in resolving the defendants' Motion for Summary Judgment, the Court directed the Clerk to file these papers. See Doc. 47 at 1.

searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(citation omitted).

Ultimately, the Court, on September 17, 2013, after "'examin[ing] the record and all reasonable inferences that might be drawn from it in the light most favorable to [Monts, as] the non-moving party,'" Pinkerton v. Colorado Department of Transportation, 563 F.3d 1052, 1058 (10th Cir. 2009)(quoting T-Mobile Central, LLC v. Unified Government of Wyandotte County, 546 F.3d 1299, 1306 (10th Cir. 2008)(citation omitted)), granted the defendants' Motion for Summary Judgment [Doc. 39] as to all claims save Monts' claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., and her claim of retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., which the Court dismissed without prejudice for lack of jurisdiction. See Doc. 47. Judgment was entered that same day. See Doc. 48.

Monts has since retained counsel, and the matter now comes before the Court on Monts' Motion for Reconsideration filed pursuant to Rule 59(e), F.R.Civ.P. Defendants Independent School District No. 8 of Comanche County, Oklahoma, commonly known as Lawton Public Schools, Barry Beauchamp, Barbara Ellis and Billy Davis have responded in opposition, and Monts has filed a reply. Based upon the record, the Court makes its determination.

In this circuit, grounds warranting reconsideration "'include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Oklahoma ex rel. Doak v. Acrisure Business Outsourcing Services, LLC, 2013 WL 3602554 *4 (10th Cir. 2013)(quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000))(cited pursuant to Tenth Cir. R.

32.1). "A motion for reconsideration 'is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" Id. (quotation omitted).

Monts has argued that vacatur of the Court's Order and Judgment is warranted because she

> responded in good faith by the Court's deadline by providing everything she believed was required. Her response consisted of documents and answers to discovery requests[ and] . . . it is clear to . . . [her] newly retained counsel that her good faith effort to respond was not adequate.

Doc. 54 at 2. Monts has asserted that she "misunderst[ood] . . . the type of response required," Doc. 58 at 2, and that she "would like the opportunity to rectify this." Id. Monts has suggested that

> [a]llowing [newly retained] counsel to present a motion for additional time, and to provide an adequate and thorough response to [d]efendants' [M]otion for [S]ummary [J]udgment would prevent manifest injustice in this case.

id.

There has been no intervening change in the controlling law, and no newly discovered evidence has been presented in support of Monts' Motion for Reconsideration. Likewise, there has been no showing by Monts' counsel of a clear error of law.

Monts was directed to respond in writing to the defendants' Motion for Summary Judgment, and she was advised that her failure to timely respond may result in confession of the defendants' motion. See Doc. 42. at 251-52). Her "pro se status d[id] not excuse her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure," Williams v. Valencia County Sherif's Office, 33 Fed. Appx. 929, 932 (10th Cir.

2002)(cited pursuant to Tenth Cir. R. 32.1)(citation omitted), or the Court's rules in filing her response.

In any event, the Court examined the materials submitted by Monts to determine if there was "'sufficient evidence favoring [Monts] . . . for a jury to return a verdict for . . . [her].'" Doc. 47 at 2 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). After doing so, the Court concluded that the record as a whole did not "'present[ ] a sufficient disagreement to require submission to a jury . . . .'" Id. at 3 (quoting Liberty Lobby, 477 U.S. at 251-52). Despite Monts' arguments to the contrary, manifest injustice warranting reconsideration does not arise merely because she is dissatisfied with, or surprised by, the Court's ruling.

While the Court has discretion in ruling on a motion filed under Rule 59(e), supra, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 at 156-57 (2012)(footnote omitted). Because Monts has advanced no grounds that justify such extraordinary relief in this instance, the Court DENIES Monts' Motion for Reconsideration [Doc. 54] filed on September 30, 2013.

ENTERED this 28th day of October, 2013.

LEE R. WEST  
UNITED STATES DISTRICT JUDGE